# EXHIBIT 1

Thomas D. Rutledge (SBN 200497)
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091-4606
Telephone: (619) 886-7224
thomasrutledgelaw@gmail.com

Attorneys for Plaintiffs

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**05/16/2023** at 01:26:51 PM
Clerk of the Superior Court
By Mary Kaneshiro, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO-CENTRAL DIVISION

JENNIFER MACHADO, individually
and as an aggrieved employee pursuant
to the Private Attorneys General Act
(PAGA) on behalf of the State of
California and other aggrieved
employees,

      Plaintiffs,

vs.

KLAP6 TECHNOLOGIES LLC, a
California limited liability company;
KAMALNATH
NAGASUBRAMANIAM, an
individual; and DOES 1 through 50,

      Defendants.

Case No.: 37-2023-00020925-CU-OE-CTL

**INDIVIDUAL AND
REPRESENTATIVE ACTION
COMPLAINT PURSUANT TO
THE PAGA FOR:**

1. **Failure to pay minimum/regular wages;**
2. **Failure to Pay State Overtime;**
3. **Failure to Pay Wages Timely;**
4. **Failure to Comply with Meal and Rest Break Laws;**
5. **Failure to Provide Accurate Wage Statements;**
6. **Failure to Provide and Maintain Records;**
7. **Failure to Reimburse Expenses;**
8. **Failure to Pay Sick Pay;**
9. **Retaliation; and**
10. **Claim for miscellaneous Labor Code Violations via the PAGA.**

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

Plaintiff JENNIFER MACHADO, on behalf of herself, the State of California, and acting for the interests of other current and former employees (Aggrieved Employees) (cumulatively the "Plaintiffs"), alleges the following:

<u>**NATURE OF THE ACTION**</u>

1.     This is an individual and California Private Attorneys General Act (PAGA) representative action seeking, among other things, the recovery of penalties for Defendants' wage and hour violations.

2.     Defendant KLAP6 TECHNOLOGIES LLC is a labor contractor that employs hundreds of Aggrieved Employees statewide.

3.     Defendant KLAP6 TECHNOLOGIES LLC provides labor to various client employers doing business in California.

4.     By this action, Plaintiffs seek all remedies available to them within the meaning of current case law distinguishing *Viking River Cruises, Inc. v. Moriana* (2022) ___ U.S. ___ [142 S.Ct. 1906]. (See *Piplack v. In-N-Out Burgers* (2023) 88 Cal.App.5th 1281; *Galarsa v. Dolgen California, LLC* (2023) 88 Cal.App.5th 639; *Gregg v. Uber Technologies, Inc.* (Mar. 24, 2023, No. B302925) ___Cal.App.5th___ [2023 Cal. App. LEXIS 221]; *Million Seifu v. Lyft, Inc.* (Mar. 30, 2023, No. B301774) ___Cal.App.5th___ [2023 Cal. App. LEXIS 247]; *Prostek v. Lincare Inc.*(E.D. Cal. March 21, 2023) 2023 U.S. Dist. LEXIS 48155.)

5.     The claims of individual Aggrieved Employees, including the named Plaintiff, is well under the $75,000 jurisdictional threshold for federal jurisdiction.

6.     Upon information and belief, the total damages for the Represented Employees are not anticipated to exceed $5,000,000.

7.     Further, there is no federal question at issue because all issues related to the payment wages alleged herein are based solely on California law and statutes.

8.     Finally, the claims alleged herein concern only California workers.

9.     Please take notice that removal of this action to federal court under Class Action Fairness Act on the alleged basis the amount in controversy exceeds

**Thomas D. Rutledge**
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

1  $5,000,000 without admissible evidence will be in bad faith and, as such, may subject

2  the moving party or their counsel to monetary sanctions/attorneys' fees.

3  ## JURISDICTION AND VENUE

4  10.     Pursuant to Article VI, § 10 of the California Constitution, subject matter

5  jurisdiction is proper in the Superior Court of California, County of San Diego, State

6  of California because Plaintiffs allege claims arising under California law.

7  11.     This Court has jurisdiction over the Defendants because each is an

8  association, corporation, business entity, or individual that conducts substantial

9  business in the State of California.

10  12.     Pursuant to § 395 of the California Code of Civil Procedure, venue is

11  proper in the Superior Court of California for the County of San Diego because this is

12  where the misconduct occurred to the named Plaintiff.

13  ## THE PARTIES

14  13.     Plaintiff JENNIFER MACHADO is an individual residing in the County

15  of San Diego, California.

16  14.     Defendant KLAP6 TECHNOLOGIES LLC is a California limited liability

17  company doing business in the State of California.

18  15.     Defendant KAMALNATH NAGASUBRAMANIAM is an individual and

19  is and was Defendant KLAP6 TECHNOLOGIES LLC's corporate officer/managing

20  agent and, as such, this Defendant is believed to be an "other person acting on behalf

21  of an employer" within the meaning of Labor Code §§ 558 and 558.1.

22  16.     The true names and capacities, whether individual, corporate, associate or

23  otherwise of the Defendants named herein as DOES 1 through 50, are unknown to

24  Plaintiffs at this time. Plaintiffs therefore sues said Defendants by such fictitious names

25  pursuant to § 474 of the California Code of Civil Procedure. Plaintiffs will seek leave

26  to amend this Complaint to allege the true names and capacities of DOES 1 through 50

27  when their names are ascertained. Plaintiffs are informed and believe, and based

28  thereon allege, that each of the DOE Defendants is in some manner liable to Plaintiffs

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

COMPLAINT-*Machado, et al. v. Klap6 Technologies, LLC, et al.*

1    for the events and actions alleged herein.

2        17.     Unless otherwise specified by name, the named Defendants and DOES 1

3    through 50 will be collectively referred to as "DEFENDANT EMPLOYER" and/or

4    "Defendants."

5        18.     Plaintiffs are informed and believe, and based thereon allege, that each

6    Defendant was acting as an agent, joint venturer, an integrated enterprise and/or alter

7    ego for each of the other Defendants and each were co-conspirators with respect to the

8    acts and the wrongful conduct alleged herein so that each is responsible for the acts of

9    the other pursuant to the conspiracy and in proximate connection with the other

10   Defendant(s).

11       19.     Plaintiffs are informed and believe, and based thereon allege, that each

12   Defendant was acting partly within and partly without the scope and course of their

13   employment, and was acting with the knowledge, permission, consent, and ratification

14   of every other Defendant.

15       20.     Plaintiffs are informed and believe, and based thereon allege that each of

16   the Defendants was an agent, managing general partner, managing member, owner, co-

17   owner, partner, employee, and/or representative of each of the Defendants and was at

18   all times material hereto, acting within the purpose and scope of such agency,

19   employment, contract and/or representation, and that each of them is jointly and

20   severally liable to Plaintiffs.

21       21.     Plaintiffs are informed and believe, and based thereon allege that each of

22   the Defendants is liable to Plaintiffs under legal theories and doctrines including but

23   not limited to (1) joint employer; (2) integrated enterprise; (3) agency; and/or (4) alter

24   ego, based in part, on the facts set forth below.

25       22.     Plaintiffs are informed and believe, and based thereon allege, that each

26   of the named Defendants are part of an integrated enterprise and have acted or

27   currently act as the employer and/or joint employer of the Plaintiffs/Class Members

28   making each of them liable for the wage and hour violations alleged herein.

**Thomas D. Rutledge**
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

23.   Plaintiffs are informed and believe, and therefore allege, that one, more than one, or each of the named Defendants are liable to the Plaintiffs under legal theories and doctrines including but not limited to (1) the common law joint employer doctrine and/or (2) Labor Code § 2810.3 because at least one of these named Defendants worked as the central hub to an overall business operation by which the interrelationship between these Defendants makes each of the Defendants liable for the wage and hour violations alleged herein.

## <u>GENERAL ALLEGATIONS</u>

24.   Defendant KLAP6 TECHNOLOGIES LLC is a labor contractor that provides labor to client employers, such as Skaggs Company LLC, Skaggs Holdings LLC, Erin Skaggs, Jarrod Skaggs, and Kenneth Wilson.

25.   At all times relevant, Defendants employed the named Plaintiff as a quasi hotel worker on an hourly basis as a non-exempt nonunion worker who performed work in the County of San Diego, California within the last year until Defendants terminated her on or about May 12, 2023 after receiving a letter from her lawyer requesting her personnel file.

26.   The named Plaintiff is an "aggrieved employee" because Defendants employed Plaintiff in California and Plaintiff experienced one or more of the alleged Labor Code violations committed against the Plaintiff, and therefore the named Plaintiff is properly suited to act on behalf the state, and collect civil penalties for all violations committed against the Represented Employees, who are also aggrieved employees as defined by Labor Code § 2699(c).

27.   California law provides that an aggrieved employee may file a representative action under the PAGA against an employer for civil penalties in connection with violations of the Labor Code and Wage Order.

28.   On information and belief, current and former employees of Defendants suffered from Defendants' Labor Code violations.

**Wage Statement Claims.**

29.     From at least one year before the filing of this action and continuing to the present, and pursuant to company policy and/or practice and/or direction, Plaintiffs are informed and believe, and therefore allege that Defendants issued the named Plaintiff and other Aggrieved Employees unlawful wage and earning statements.

30.     Plaintiffs are informed and believe, and therefore allege that during all times relevant, Defendant KLAP6 TECHNOLOGIES LLC is and was a "Labor Contractor" within the meaning of Labor Code § 2810.3 and a "temporary services employer" as defined in Labor Code § 201.3.

31.     Plaintiffs are informed and believe, and therefore allege that Plaintiffs and many Aggrieved Employees worked for a "Client employer" within the meaning of Labor Code § 2810.3, such as SKAGGS COMPANY LLC, SKAGGS HOLDINGS LLC, and many others.

32.     Labor Code § 226 subdivision (a) provides, "[I]f the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment" must be reported on each wage and earning statement the temporary services employer issues to its employees.

33.     During all times relevant, Plaintiffs allege that Defendants were required to comply with the foregoing requirement of Labor Code § 226 subdivision (a) because Defendant KLAP6 TECHNOLOGIES LLC is and was during all times relevant a "temporary services employer" within the meaning of Labor Code § 201.3.

34.     Defendants failed to comply with Labor Code § 226 subdivision (a) because the wage and earning statements it issued to the named Plaintiff and Aggrieved Employees are missing information showing "the total hours worked for each temporary services assignment."

35.     In addition to the foregoing stand-alone claim under Labor Code § 226, Plaintiffs are informed and believe, and therefore allege that Plaintiff's paystubs and

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

those of similarly situated employees of Defendants were inaccurate because Defendants failed to pay them all wages to which they had a right to receive, as alleged herein, supporting a derivative claim under Labor Code § 226.

36.     As to Plaintiffs' PAGA case, this claim is also premised, in part, on Plaintiffs' right to pursue all Labor Code claims on behalf of Aggrieved Employees per *Huff v. Securitas Security Services USA, Inc*. (2018) 23 Cal.App.5th 745.

**Wage Claims.**

37.     From at least one year before the filing of this action and continuing to the present, and pursuant to company policy and/or practice and/or direction, Plaintiffs are informed and believe, and therefore allege, that Defendants employed failed to pay Aggrieved Employees all wages, e.g., overtime, minimum wages, etc., as required by law.

38.     This claim is premised on Plaintiffs' right to pursue all Labor Code claims on behalf of Aggrieved Employees per *Huff v. Securitas Security Services USA, Inc*. (2018) 23 Cal.App.5th 745.

**Failure to Pay Meal and Rest Break Premiums.**

39.     From at least one year before the filing of this action and continuing to the present, and pursuant to company policy and/or practice and/or direction, Plaintiffs are informed and believe and based thereupon allege that Defendants deprived Plaintiffs and other hourly employees from taking lawful meal and rest periods and did not pay and refused to pay premium pay to workers.

40.     Plaintiff alleges she worked many ten hour shifts, yet Defendants only provided one meal break, not two as required under California law.

41.     Plaintiff alleges that Defendants also interrupted her rest breaks in violation of California law. (*See Augustus v. ABM Security Services* (2016) 2 Cal.5th 257.)

42.     This claim is also premised on Plaintiffs' right to pursue all Labor Code claims on behalf of Aggrieved Employees per *Huff v. Securitas Security Services*

**Thomas D. Rutledge**
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

COMPLAINT-*Machado, et al. v. Klap6 Technologies, LLC, et al.*

*USA, Inc.* (2018) 23 Cal.App.5th 745.

**Unreimbursed Work-Related Expense Claims.**

43.     From at least one year before the filing of this action and continuing to the present, and pursuant to company policy and/or practice and/or direction, Plaintiffs are informed and believe and based thereupon allege that Defendants failed to reimburse its employees for work related expenses.

44.     This claim is premised, in part, on Defendants' policy of encouraging Aggrieved Employees to use their personal smart phones during the workday, especially for using the google translate application when communicating with the hundreds of illegal migrants her employer was hired to accommodate.

45.     Defendants, however, failed to reimburse Aggrieved Employees for the above-described work related use of their personal phones in violation of California law.

46.     This claim is also premised on Plaintiffs' right to pursue all Labor Code claims on behalf of Aggrieved Employees per *Huff v. Securitas Security Services USA, Inc.* (2018) 23 Cal.App.5th 745.

**Derivative Claims.**

47.     From at least one year before the filing of this action and continuing to the present, and pursuant to company policy and/or practice and/or direction, Plaintiffs and others did not receive their final paychecks immediately upon involuntary termination or within 72 hours of voluntary separation, were not paid final wages at the location of employment, and said final paychecks did not include all wages due to the employee.

48.     For example, on or about May 12, 2023, when Defendants terminated the named Plaintiff, Plaintiff alleges that Defendants failed to pay the named Plaintiff all unpaid wages in Plaintiff's final paycheck or in a timely manner pursuant to law.

49.     To date, Plaintiff alleges that Defendants have not paid Plaintiff all of Plaintiff's wages due and payable, in an amount to be proven at trial.

**Thomas D. Rutledge**
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

50.     Plaintiffs' derivative claims are also premised, in part, on Plaintiffs' right to pursue all Labor Code claims on behalf of Aggrieved Employees per *Huff v. Securitas Security Services USA, Inc*. (2018) 23 Cal.App.5th 745.

**Retaliation.**

51.     On May 12, 2023, at about 4:30 p.m. Pacific Standard Time (PST), the named Plaintiff, via counsel, sent a request for her personnel file and payroll records via email to the Defendants.

52.      On May 12, 2023, at about 5:49 p.m. Pacific Standard Time (PST), Defendants sent the named Plaintiff an email telling her she was terminated.

53.     The named Plaintiff is informed and believes and based thereupon alleges that Defendants terminated her employment because of the letter her lawyer sent in retaliation for her exercising her rights as an employee in violation of California law.

## REPRESENTATIVE ACTION (PAGA) CLAIMS

54.   This wage and hour representative action filed pursuant to PAGA, §§ 2698, 2699 generally consists of the following group:

**All current or former people Defendants employed in California from May 16, 2022 to the present.**

55.   All members of the represented group are referred to as the "Aggrieved Employees."

56.     The "Representative Period" means from **May 16, 2022 to the present**.

57.     Plaintiff further alleges, on information and belief, that Aggrieved Employees, did not receive all wages due at the time their employment ended with Defendants.

58.     On information and belief, Defendants current and former employees were subject to wage and hour violations by Defendants, including failing to be paid for all wages due.

59.     California law provides that an employee may file an action against an

**Thomas D. Rutledge**
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

employer for penalties in connection with violations of the Labor Code and Wage Orders provided the aggrieved employee file an action on behalf of him or herself and similarly situated current and former employees.

60.     At all material times, Defendants and DOES 1 through 50 were and/or are Aggrieved Employees' employers or persons acting on behalf of Aggrieved Employees' employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set for in Labor Code § 558.

61.     As set forth in further detail below, because of the analysis and investigation of the Plaintiffs' claims, Plaintiffs' attorneys sent the required correspondence to the California Labor and Workforce Development Agency (LWDA) and to Defendants informing Defendants of Plaintiffs' claims and Plaintiffs' intent to pursue litigation.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

62.     Pursuant to the PAGA, on **May 16, 2023**, Plaintiffs, *et al.*, via counsel, sent correspondence to the LWDA and Defendants via certified U.S. Mail indicating that Plaintiffs are pursuing the claims alleged in this Complaint.

63.     The statutory period for Plaintiffs has not expired for the letter alleged above and the LWDA did not serve Plaintiffs with notice of intent to assume jurisdiction over the applicable penalty claims and did not provide notice as set forth in Labor Code § 2699.3(a)(2)(A) within the statutory period.

64.     Therefore, Plaintiffs have not exhausted Plaintiffs' administrative remedies to pursue claims and remedies as authorized by the PAGA, but once the statutory waiting period expires, Plaintiffs will file an amended Complaint.

65.     The Causes of Action alleged herein are appropriately suited for a Representative Action under PAGA (Labor Code § 2698, *et seq*.) because:

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

COMPLAINT-*Machado, et al. v. Klap6 Technologies, LLC, et al.*

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

a. This action involves allegations of violations of provisions of the California Labor Code that provide for a civil penalty to be assessed and collected by the LWDA or any departments, divisions, commissions, boards, agencies, or employees;

b. Plaintiffs are "aggrieved employees" because Plaintiffs were employed by the alleged violator and had one or more of the Labor Code violations alleged on this Complaint committed against them; and

c. Plaintiffs have satisfied the procedural requirements of Labor Code § 2699.3, as set forth above.

## FIRST CAUSE OF ACTION

**Representative Claim via the PAGA for**

**Failure to Pay State Minimum/Regular/Local Wages**

**in Violation of California Labor Code §§ 200, 218.5, 1182.12, 1194, 1197, 1197.1, 1811, 1815, and 1198 via the applicable Wage Order**

(Against all Defendants)

66. Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

67. Pursuant to California law, including but not limited to Labor Code §§ 200, 218.5, 1194, 1197, 1197.1, 1811, 1815, 1198, and depending on the local jurisdiction, such as the Cities of Los Angeles, San Diego, San Francisco, etc., it is unlawful for a California employer to suffer or permit an employee to work without paying wages for all hours worked, as required by the applicable Industrial Welfare Commission (IWC) Wage Order and/or local law.

68. Plaintiffs are informed and believe and based thereupon allege that during all times relevant, Plaintiffs were not paid minimum/regular/local jurisdiction wages for all hours suffered or permitted to work in violation of California law.

69. During all times relevant, Defendants were required to pay Plaintiffs and

other members of the Aggrieved Employees their respective hourly rate for all hours worked and/or minimum wages per state law or applicable local law.

70.    During all times relevant, at least one of the IWC Wage Orders applied to Plaintiffs' employment with Defendants.

71.    Pursuant to the applicable Wage Order, "hours worked" include the time during which an employee is "suffered or permitted to work, whether or not required to do so."

72.    During the PAGA Period and based on the misconduct alleged above, Defendants did not pay Plaintiffs and Aggrieved Employees minimum/regular/local wages for all hours suffered or permitted to work in violation of state and/or local law.

73.    Labor Code § 1194 subdivision (a) permits an action to recover wages because of the payment of a wage less than the minimum wage "applicable to the employee" including attorneys' fees, costs, and interest.

74.    At all material times, Defendants were and/or are Aggrieved Employees' employers or persons acting on behalf of Aggrieved Employees' employer, within the meaning of California Labor Code §§ 558 and 558.1, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to civil penalties for each underpaid employee as set for in Labor Code § 558.

75.    In committing the violations of state law as herein alleged, Plaintiffs are informed and believe based there upon allege that Defendants have knowingly and willfully refused to perform their obligations to compensate Aggrieved Employees for all wages earned and all hours worked.

76.    As a direct result, Aggrieved Employees have suffered and continue to suffer, substantial losses related to the use and enjoyment of such compensation, wages, lost interest on such monies and expenses and attorneys' fees in seeking to

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

COMPLAINT-*Machado, et al. v. Klap6 Technologies, LLC, et al.*

**Thomas D. Rutledge**
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

1   compel Defendants to fully perform their obligations under state and/or local law.

2       77.   Labor Code § 2699, *et seq.* imposes upon Defendants, and each of them,

3   a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay

4   period for the initial violation and two hundred ($200.00) for each aggrieved

5   employee per pay period for each subsequent violation in which Defendants violated

6   the minimum/regular/ and or local wage provisions of California law, including but

7   not limited to §§ 216, 218, 218.5, 227.3, 558, 1194, 1197, 1197.1, 1811, 1815,

8   1182.12, 1194.2, 1197, and 1198 the exact amount of the applicable penalty is all in

9   an amount to be shown according to proof at trial.

10      78.   Pursuant to Labor Code § 2699, Plaintiffs and Aggrieved Employees

11  seek to recover from Defendants, and each of them, penalties, attorneys' fees, and

12  costs incurred herein.

### SECOND CAUSE OF ACTION

**Representative Claim via the PAGA for**

**Failure to Pay State Overtime and/or Double-Time Compensation**

**in Violation of California Labor Code §§ 216, 218, 218.5, 225.5, 510,**

**1182.12, 1194, 1194.2, 1197, 1197.1,**

**1811, 1815, and 1198 via the Applicable IWC Wage Order**

(Against all Defendants)

20      79.   Plaintiffs re-allege and incorporate by reference the foregoing allegations

21  as though set forth herein.

22      80.   California law requires an employer to pay each employee for the actual

23  hours worked. (*See* Cal. Labor Code § 200, *et seq.*).

24      81.   During all times relevant, one or more of the IWC Wage Orders applied

25  to Plaintiffs' employment with Defendants.

26      82.   Pursuant to § 2(K) of the applicable Wage Order(s), including Wage

27  Order 4, "hours worked" include the time during which an employee is "suffered or

28  permitted to work, whether or not required to do so."

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

83.     Pursuant to Labor Code §§ 510, 1194, 1194.2, and § 3 of the applicable Wage Order(s), for each hour (or fraction thereof) an employee works up to forty (40) hours in a week and eight (8) hours in a day, the employer must pay the employee's regular hourly wage.

84.     For each hour (or fraction thereof) an employee works over forty (40) hours in a week or more than eight (8) hours in a workday the employer must pay the rate of one and a half times the employee's regular hourly wage. (*Ibid.*)

85.     For each hour (or fraction thereof) an employee works more than twelve (12) hours in one day or more than eight (8) hours a day on the seventh consecutive day of work, the employer must compensate the employee at the rate of no less than twice the regular rate of pay for that employee. (*Ibid.*)

86.     During all times relevant, and pursuant to company policy and/or practice and/or direction, Defendants required Aggrieved Employees to work more than 40 hours per week and/or eight hours in a workday to which they had the right to receive wages and Defendants did not pay Plaintiff and the Aggrieved Employees all overtime compensation to which they should have received at the applicable wage rate.

87.     As alleged herein, Defendants failed to pay Aggrieved Employees all overtime to which they had a right to receive.

88.     In committing the violations of state law as herein alleged, Defendants have knowingly and willfully refused to perform their obligations to compensate Aggrieved Employees for all wages earned and all hours worked.

89.     At all material times, Defendants were and/or are Aggrieved Employees' employers or persons acting on behalf of Aggrieved Employees' employer, within the meaning of California Labor Code §§ 558 and 558.1, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set for in Labor

1   Code § 558.

2       90.    In committing the violations of state law as herein alleged, Defendants

3   have knowingly and willfully refused to perform their obligations to compensate

4   Aggrieved Employees for all wages earned and all hours worked.

5       91.    Labor Code § 2699, *et seq.* imposes upon Defendants, and each of them,

6   a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay

7   period for the initial violation and two hundred ($200.00) for each aggrieved

8   employee per pay period for each subsequent violation in which Defendants violated

9   the overtime provisions of the Labor Code, including but not limited to §§ 510, 558

10  and 1194, the exact amount of the penalties sought is in an amount to be shown

11  according to proof at trial.

12      92. Pursuant to Labor Code § 2699, *et seq*. Plaintiffs seek to recover from

13  Defendants, and each of them, penalties, attorneys' fees, and costs incurred herein.

14              **THIRD CAUSE OF ACTION**

15          **Representative Claim via the PAGA for**

16  **Failure to Timely Pay Earned Wages Upon Separation of Employment in**

17  **Violation of California Labor Code §§ 201, 201.3, 202, 203, 204, 204b, 204.2, 210,**

18          **218.5, 218.6, 256, and 1198 via the applicable Wage Order**

19              (Against all Defendants)

20      93. Plaintiffs re-allege and incorporate by reference the foregoing allegations as

21  though set forth herein.

22      94.    Pursuant to Labor Code § 201, "If an employer discharges an employee,

23  the wages earned and unpaid at the time of discharge are due and payable

24  immediately."

25      95.    Pursuant to Labor Code § 201.3, "If an employee is assigned to work for

26  a client on a day-to-day basis, that employee's wages are due and payable at the end

27  of each day, regardless of when the assignment ends…"

28      96.    Pursuant to Labor Code § 202, "If an employee not having a written

**Thomas D. Rutledge**
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

97.     Labor Code § 203 provides, in pertinent part: "If an employer willfully fails to pay, without abatement or reduction, ... any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days. ..."

98.     Pursuant to Labor Code § 204, "all wages … earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

99.     Pursuant to Labor Code § 204b, "Labor performed by a weekly-paid employee during any calendar week and prior to or on the regular payday shall be paid for not later than the regular payday of the employer for such weekly-paid employee falling during the following calendar week."

100.    Defendants did not properly pay Plaintiff and Aggrieved Employees pursuant to the requirements of Labor Code, including but not limited to §§ 201, 201.3, 202, 203, 204, 204b, 204.2, 210, 218.5, 218.6, 256 and thereby Plaintiffs seek the unpaid wages.

101.    To date, Defendants have not paid terminated Aggrieved Employees all earned wages as required by law and did not and continue to fails to pay current employees in a timely manner as required by law.

102.    At all material times, Defendants and DOES 1 through 50 were and/or are Aggrieved Employees' employers or persons acting on behalf of Aggrieved Employees' employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any Order of the

**Thomas D. Rutledge**
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

- 16 -

Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set for in Labor Code § 558.

103.   In committing the violations of state law as herein alleged, Defendants have knowingly and willfully refused to perform their obligations to compensate Aggrieved Employees for all wages earned and all hours worked.

104.   Labor Code § 2699, *et seq*. imposes upon Defendants, and each of them, a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred ($200.00) for each aggrieved employee per pay period for each subsequent violation in which Defendants violated the Labor Code, including but not limited to §§ 201, 201.3, 202, 203, 204, 204b, 204.2, 210, 218.5, 218.6, 256.

105.   As alleged above, Defendants have deprived Plaintiffs and Aggrieved Employees of their rightfully earned wages as a direct and proximate result of Defendants' failure and refusal to pay said compensation and for the reasons alleged in this Complaint.

106.   Wherefore, the Plaintiffs request all remedies available to them and to the Aggrieved Employees pursuant to the PAGA.

## FOURTH CAUSE OF ACTION

**Representative Claim for Penalties via the PAGA for**

**Failure to Comply with the Meal and Rest Break Requirements Under Labor Code §§ 226.7, 512, and 1198 via the applicable IWC Wage Order**

(Against all Defendants)

107.   Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

108.   Based on the misconduct alleged in this Complaint, Defendants failed to pay Plaintiff and Aggrieved Employees premium pay for all their missed meal and rest breaks and failed to comply with Labor Code §§ 226.7, 512, and 1198.

109.   Because of Defendants' illegal pay practices, said Defendants failed to

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

pay Plaintiff and Aggrieved Employees for all meal and rest breaks despite their requirement under California law and, as such, all culpable Defendants are required to pay Plaintiff and Aggrieved Employees for rest break and/or meal break premium wages.

110.    Defendants also failed to provide Plaintiff, and Aggrieved Employees, legally-compliant meal and rest periods, or compensation in lieu thereof, during their employment by said Defendants.

111.    Cal. Labor Code § 2699, *et seq.* imposes upon all culpable Defendants a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred ($200.00) for each aggrieved employee per pay period for each subsequent violation in which all culpable Defendants violated Cal. Labor Code §§ 226.7 and 512, the exact amount of the applicable penalty is all in an amount to be shown according to proof at trial.

112.    Wherefore, the Plaintiffs request all remedies available to them and to the Aggrieved Employees pursuant to the PAGA.

### FIFTH CAUSE OF ACTION

**Representative Claim for Penalties via the PAGA for**

**Violations of California Labor Code §§ 226, 226.3, 226.6,**

**and 1198 via the applicable IWC Wage Order**

(Against all Defendants)

113.    Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

114.    Plaintiffs allege that Labor Code § 226 subdivision (a) requires, in pertinent part, that every employer shall, "semimonthly or at the time of each payment of wages, shall furnish to his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee. . . (3) the number of

**Thomas D. Rutledge**
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number…, (8) the name and address of the legal entity that is the employer. . ., and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. . ." (Labor Code § 226 subdivision (a).)

115.   Based on the foregoing allegations, Defendants did not comply with Labor Code § 226 and, thus, Plaintiffs assert this claim as a stand-alone claim and derivative claim.

116.   Cal. Labor Code § 2699, *et seq.* imposes upon all culpable Defendants a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred ($200.00) for each aggrieved employee per pay period for each subsequent violation in which all culpable Defendants violated the applicable Cal. Labor Code provisions alleged in this Complaint, the exact amount of the applicable penalty is all in an amount to be shown according to proof at trial.

117.   Wherefore, Plaintiffs request all remedies available to them and to the Aggrieved Employees pursuant to the PAGA.

## SIXTH CAUSE OF ACTION

### Representative Claim for Penalties via the PAGA

### For Failure to Maintain Required Records in Violation of California

### Labor Code §§ 1174 and 1198 via the Applicable Wage Order

(Against All Defendants)

118.   Plaintiffs re-allege and incorporate by reference the foregoing allegations

**Thomas D. Rutledge**
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

- 19 -

1    as though set forth herein.

2        119.    Section 7 of the applicable Wage Order requires every employer to

3    maintain time and payroll records.

4        120.    Defendants failed to comply with § 7 of the applicable IWC Orders and

5    with Labor Code § 1174 by failing to maintain certain records which employers are

6    required to maintain, including but not limited to, all wage records.

7        121.    Cal. Labor Code § 2699, *et seq.* imposes upon all culpable Defendants a

8    penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period

9    for the initial violation and two hundred ($200.00) for each aggrieved employee per

10   pay period for each subsequent violation in which all culpable Defendants violated

11   the applicable Cal. Labor Code provisions alleged in this Complaint, the exact amount

12   of the applicable penalty is all in an amount to be shown according to proof at trial.

13       122.    For the reasons alleged herein, Plaintiffs seek all available remedies

14   pursuant to the PAGA in an amount to be proven at trial including but not limited to

15   penalties, attorneys' fees, costs, and interest pursuant to law.

16                        **SEVENTH CAUSE OF ACTION**

17                **Representative Claim for Penalties via the PAGA Claim for**

18                      **Failure to Reimburse Business Expenses**

19                   **in Violation of Labor Code §§ 1198 and 2802**

20                              **(Against All Defendants)**

21       123.    As a separate and distinct cause of action, Plaintiff re-alleges and

22   incorporates by reference, as though fully set forth herein, all the allegations

23   contained in this Complaint.

24       124.    Pursuant to California Labor Code § 2802, an employer must indemnify

25   its employees "for all necessary expenditures or losses incurred by the employee in

26   direct consequence of the discharge of his or her duties . . . ."

27       125.    Plaintiffs made necessary expenditures and incurred losses as a direct

28   consequence of the discharge of their duties and in obedience to the directions of

**Thomas D. Rutledge**
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

- 20 -

Defendants including, but not limited to mileage, automobile, cell phone, and internet expenses.

126.   On information and belief, Defendants knew Plaintiffs were incurring the expenses and were responsible for reimbursing Aggrieved Employees for their expenditures and losses as a direct consequence of the discharge of their duties, but failed to do so.

127.   Cal. Labor Code § 2699, *et seq.* imposes upon all culpable Defendants a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred ($200.00) for each aggrieved employee per pay period for each subsequent violation in which all culpable Defendants violated the applicable Cal. Labor Code provisions alleged in this Complaint, including but not limited to Labor Code §§ 2802 and 1198, the exact amount of the applicable penalty is all in an amount to be shown according to proof at trial, which Plaintiffs seek.

128.   For the reasons alleged herein, Plaintiffs seek all available remedies pursuant to the PAGA in an amount to be proven at trial including but not limited to penalties, attorneys' fees, costs, and interest pursuant to law.

## EIGHTH CAUSE OF ACTION

### Representative Claim for Civil Penalties Under the PAGA for
### Violations of Labor Code §§ 246 and 246(l) and
### Municipal Paid Sick Leave Ordinances

(Against all Defendants)

129.   Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

130.   Under Labor Code §§ 246, 246(l), and in some jurisdictions local law, employers in California must provide employees with paid sick leave to be paid at a specified rate of pay which must factor in additional earnings during a given pay period wherein such leave is used. *Wood v. Kaiser Foundation Hospitals,* 88 Cal. App. 5th 742 (2023).

**Thomas D. Rutledge**
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

131.   Defendants did not pay sick leave to Aggrieved Employees in violation of California law.

132.   Defendants have failed to (1) provide paid sick leave; (2) include required information about paid sick leave in wage notices and/or wage statements, including without limitation information on the amount of paid sick leave hours accrued; (3) provide required information about paid sick leave to employees, including without limitation at the time of hire; (4) at the time of hire, provide employees with written notice of the employer's name, address, and telephone number; (5) provide required information about paid sick leave in English, Spanish, Chinese, and in all languages spoken by 5% or more of the employees; (6) post required sick leave notices; (7) maintain payroll records; and/or (8) provide wage statements, and therefore Defendants have violated one or more municipal sick leave ordinances, including without limitation the sick leave ordinances of Berkeley, Emeryville, Long Beach, Los Angeles, Oakland, San Diego, San Francisco, and Santa Monica.

133.   The PAGA imposes upon Defendants, and each of them, civil penalties for violating Labor Code §§ 246 and 246(l).

134.   Civil penalties under the PAGA are equitable in nature. *Nationwide Biweekly Admin., Inc. v. Superior Ct. of Alameda Cty.*, 9 Cal. 5th 279 (2020).

135.   Labor Code § 2699(f) imposes upon Defendants, and each of them, civil penalties of one hundred dollars ($100) per pay period, per aggrieved employee for initial violations, and two hundred dollars ($200) per pay period, per aggrieved employee for subsequent violations for all Labor Code provisions for which a civil penalty is not specifically provided.

136.   Pursuant to the PAGA, Labor Code § 2699(f), and/or any other applicable statute, Plaintiffs are seeking civil penalties against Defendants in an amount to be shown according to proof.

137.   Pursuant to Labor Code § 248.5, if applicable herein, Plaintiffs seek to

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

recover attorneys' fees, costs, equitable relief in the form of civil penalties, in an amount to be shown according to proof.

138.   Pursuant to the PAGA, and/or Labor Code § 2699(g), Plaintiffs seek to recover reasonable attorneys' fees, costs, and filing fees paid to the LWDA in an amount to be shown according to proof.

139.   Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

### NINTH CAUSE OF ACTION

**Representative Claim for Penalties via the PAGA**

**Under California Labor Code §§ 2698, 2699, *et seq.* for**

**Individual and Representative Claim for PAGA Penalties and Wage**

**Under California Labor Code §§ 2698, 2699, *et seq.* for Violations of California Labor Code subdivision (k) of Section 96, Sections 98.6, 201.5, 201.7, 203.1, 203.5, 204a, 204.1, 204.2, 205, 205.5, 206, 206.5, 208, 209, and 212, subdivision (d) of Section 213, Sections 221, 222, 222.5, 223, 224, 227, 227.3, 230, 230.1, 230.2, 230.3, 230.4, 230.7, 230.8, and 231, subdivision (c) of Section 232, subdivision (c) of Section 232.5, Sections 233, 234, 245-249, 351, 353, and 403, subdivision (b) of Section 404, Sections 432.2, 432.5, 432.6, 432.7, 435, 450, 511, 513, 551, 552, 601, 602, 603, 604, 750, 751.8, 800, 850, 851, 851.5, 852, 921, 922, 923, 970, 973, 976, 1021, 1021.5, 1025, 1026, 1101, 1102, 1102.5, 1153, 1197.5, 1198 via the appliable Wage Order, subdivision (b) of Section 1198.3, Sections 1199.5, 1290, 1292, 1293, 1293.1, 1294, 1294.1, 1294.5, 1296, 1297, 1298, 1301, 1308, 1308.1, 1308.7, 1309, 1309.5, 1391, 1391.1, 1391.2, 1392, 1683, and 1695, subdivision (a) of Section 1695.5, Sections 1695.55, 1695.6, 1695.7, 1695.8, 1695.9, 1696, 1696.5, 1696.6, 1697.1, 1700.25, 1700.26, 1700.31, 1700.32, 1700.40, 1700.47, 1735, 1777.5, 2651, and 2673, subdivision (a) of Section 2673.1, Sections 2695.2, 2751, 2800, 2801, 2806, 2810, 2810.5, subdivision (b) of Section 2929, and Sections 3073.6, 6310, 6311, and 6399.7 and the Applicable Wage Order**

COMPLAINT-*Machado, et al. v. Klap6 Technologies, LLC, et al.*

**Thomas D. Rutledge**
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

(Against all Defendants)

140.   Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

141.   This claim is premised, in part, on Plaintiffs' right to pursue all Labor Code claims on behalf of Aggrieved Employees per *Huff v. Securitas Security Services USA, Inc.* (2018) 23 Cal.App.5th 745.

142.   Pursuant to Labor Code § 2699, any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the LWDA or any of its departments, divisions, commissions, boards, agencies or employees for violation of the code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Labor Code § 2699.3.

143.   Plaintiffs are informed and believe, and based thereon allege, that because of the acts alleged above and Defendants' violations of the Labor Code provisions alleged herein, Plaintiffs are entitled to penalties under Labor Code §§ 2698 and 2699.

144.   Plaintiffs are "aggrieved employees" because Plaintiffs were employed by the alleged violator and had one or more of the alleged violations committed against Plaintiffs, and therefore are properly suited to represent the interests of other current and former Represented Employees.

145.   Labor Code § 2699(f) imposes upon Defendants, and each of them, civil penalties of one hundred dollars ($100) per pay period, per aggrieved employee for initial violations, and two hundred dollars ($200) per pay period, per aggrieved employee for subsequent violations for all Labor Code provisions for which a civil penalty is not specifically provided.

146.   Labor Code § 2699, *et seq.* imposes upon Defendants, and each of them, penalties for violating Labor Code subdivision (k) of Section 96, Sections 98.6, 201.5, 201.7, 203.1, 203.5, 204a, 204.1, 204.2, 205, 205.5, 206, 206.5, 208, 209, and 212,

- 24 -

**Thomas D. Rutledge**
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

subdivision (d) of Section 213, Sections 221, 222, 222.5, 223, 224, 227, 227.3, 230, 230.1, 230.2, 230.3, 230.4, 230.7, 230.8, and 231, subdivision (c) of Section 232, subdivision (c) of Section 232.5, Sections 233, 234, 245-249, 351, 353, and 403, subdivision (b) of Section 404, Sections 432.2, 432.5, 432.7, 435, 450, 511, 513, 551, 552, 601, 602, 603, 604, 750, 751.8, 800, 850, 851, 851.5, 852, 921, 922, 923, 970, 973, 976, 1021, 1021.5, 1025, 1026, 1101, 1102, 1102.5, 1153, 1197.5, 1198 via the applicable Wage Order, subdivision (b) of Section 1198.3, Sections 1199.5, 1290, 1292, 1293, 1293.1, 1294, 1294.1, 1294.5, 1296, 1297, 1298, 1301, 1308, 1308.1, 1308.7, 1309, 1309.5, 1391, 1391.1, 1391.2, 1392, 1683, and 1695, subdivision (a) of Section 1695.5, Sections 1695.55, 1695.6, 1695.7, 1695.8, 1695.9, 1696, 1696.5, 1696.6, 1697.1, 1700.25, 1700.26, 1700.31, 1700.32, 1700.40, 1700.47, 1735, 1777.5, 2651, and 2673, subdivision (a) of Section 2673.1, Sections 2695.2, 2800, 2801, 2806, and 2810, subdivision (b) of Section 2929, and Sections 3073.6, 6310, 6311, and 6399.7.

147.   Labor Code § 558 establishes a civil penalty as follows: Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission (including the "Hours and Days of Work" section of the Wage Order) shall be subject to a civil penalty of (1) for any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee  was underpaid in addition to an amount sufficient to recover underpaid wages; (2) for each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; and (3) wages recovered pursuant to this section shall be paid to the affected employee.

148.   Plaintiffs seek penalties for Defendants' conduct as alleged herein as permitted by law.

149.   Pursuant to Labor Code § 2698, *et seq.*, Plaintiffs seek to recover

attorney's fees, costs, civil penalties, and wages on behalf of Plaintiff and other current and former Represented Employees as alleged herein in an amount to be shown according to proof at trial and within the jurisdictional limits of this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.     That Defendants be found liable to the Plaintiffs;

2.     For all remedies available to the Plaintiffs under the applicable provisions of the Labor Code via the PAGA Labor Code § 2698, *et seq*. including an award of attorneys' fees, costs, interest, liquidated damages, damages, penalties and waiting time penalties according to proof to the extent permitted by law;

3.     For maximum civil penalties available under the Labor Code and applicable Wage Order as described more particularly in this Complaint, representative PAGA claims including the payment of wages as set forth in Labor Code § 558;

4.     That Aggrieved Employees be awarded reasonable attorneys' fees where available by law, including but not limited to pursuant to Labor Code § 2698, *et seq*., Code of Civil Procedure § 1021.5, and/or other applicable laws; and

5.     For any other relief the Court may deem just, proper, and equitable.

Dated:  May 16, 2023                           Law Office of Thomas D. Rutledge

                                                              By: *Thomas D. Rutledge*
                                                              /s/Thomas D. Rutledge, Esq.
                                                              Attorneys for Plaintiffs

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224